ORIGINAL

1  J. Russell Stedman (117130), rstedman@barwol.com
   Jennifer N. Lee (230727), jlee@barwol.com
2  BARGER & WOLEN LLP
   650 California Street, 9th Floor
3  San Francisco, California 94108-2713
   Telephone: (415) 434-2800
4  Facsimile: (415) 434-2533

5  Attorneys for Plaintiff
   METROPOLITAN LIFE INSURANCE COMPANY

6

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11  METROPOLITAN LIFE INSURANCE          )  CASE NO.: C 07 4909 HRL
    COMPANY,                             )
12                                       )  PLAINTIFF METROPOLITAN LIFE
              Plaintiff,                 )  INSURANCE COMPANY'S COMPLAINT
13                                       )
         vs.                             )
14                                       )
    LUIS MEDRANO and LISA MEDRANO,       )
15  INDIVIDUALLY and AS                  )
    ADMINISTRATORS OF THE ESTATE         )
16  OF VM,                               )
                                         )
17            Defendants.                )
                                         )
18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

i:\office7\7197\209\complaint.doc

## COMPLAINT

Plaintiff, Metropolitan Life Insurance Company ("MetLife") alleges and states as follows against Luis Medrano and Lisa Medrano, Individually and as Administrators of the Estate of VM, a minor (hereinafter collectively referred to as "Defendants"). Pursuant to Local Rule 3.-17, the full name of the minor child will not be used and any references to the minor child will be indicated by the letters "VM."

## PARTIES

1.      Plaintiff, Metropolitan Life Insurance Company, is a New York corporation with its principal place of business in the State of New York.

2.      Upon information and belief, Defendant, Luis Medrano ("Mr. Medrano"), is a resident of the State of California, 225 Crossroads #382, Carmel, CA, Monterey County, within the Northern District of California.

3.      Upon information and belief, Defendant, Lisa Medrano ("Mrs. Medrano"), is a resident of the State of California, 225 Crossroads #382, Carmel, CA Monterey County, within the Northern District of California.

4.      Upon information and belief, Mr. and Mrs. Medrano were and are the Administrators of the Estate of VM, a minor.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) in that: a) this matter relates to damages in an amount exceeding the statutory threshold ($75,000); and b) there is diversity of citizenship between Plaintiff and each of the Defendants.

6.      Plaintiff seeks judgment against Defendants for, among other things, the overpayment of annuities in the amount of $756,076.53, plus applicable interest. Therefore, the amount in controversy exceeds the statutory threshold of $75,000.

7.      For purposes of diversity, Plaintiff is a citizen of the State of New York, having its principal place of business in that state. Defendants are residents and citizens of the State of California, residing in the county of Monterey. Since all parties are citizens of different states, complete diversity exists.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
PLAINTIFF'S COMPLAINT

**VENUE AND INTRADISTRICT ASSIGNMENT**

8.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 (District where Defendants reside).

9.    Assignment to the San Jose Division is proper pursuant to Local Rule 3-2 because Defendants reside in Monterey County and the substantial part of the events or omissions which give rise to the claim occurred in Monterey County.

10.    Service of process is authorized under 28 U.S.C. § 2361.

**ALLEGATIONS**

11.    On or about December 1, 1981, MetLife, through one of its predecessors, The National Investors Life Insurance Company, issued an annuity policy, which is now known as Annuity Policy Number H0I99865 (the "Annuity"). The annuitant under the terms of the Policy was VM, a minor (the "Annuitant").

12.    At the time the Annuity was issued, the Annuitant was an infant under the custody of her parents, Luis and Lisa Medrano.

13.    Pursuant to the terms of the Annuity, monthly payments of $2,958.33, increasing annually by 6%, were to be paid to Mr. Medrano and Mrs. Medrano, for the benefit of the Annuitant, beginning on the first day of December 1981 and payable on the first day of each month thereafter until a total of two hundred forty (240) payments had been paid (a twenty (20) year period certain) and thereafter **for as long as the Annuitant was alive**. *See* Summary of Periodic Payment Annuity, attached hereto as Exhibit "A".

14.    The Summary of Periodic Payments Annuity Certificate states also that:

> Upon receipt by the Company of due proof of the death of the Annuitant before all payments for the period certain described above have been made, any remaining payments for the balance of the specified period certain, if any, will be made as they become due to Luis Medrano and Lisa Medrano, parents of the Annuitant, per capita, in equal shares.

*See* Exhibit "A".

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-3-
PLAINTIFF'S COMPLAINT

15.    Defendants had a duty to provide MetLife with Notice of death if the Annuitant passed away.

16.    Unbeknownst to MetLife, the Annuitant passed away on June 15, 1995.  Pursuant to the terms and conditions of the Annuity, payments under the contact should have ceased 20 years after the effective date of the Annuity, as of November 1, 2001.  *Id.*

17.    Defendants did **not** notify MetLife of the death of the Annuitant.

18.    Having no knowledge of Annuitant's death, MetLife continued making payments under the terms of the Annuity from December 1, 2001 until August 1, 2007.

19.    Defendants, Mr. and Mrs. Medrano continued to accept payment and cash checks in the amounts of:

a.    $9,487.82 per month, during the period of December 1, 2001 through November 1, 2002;

b.    $10,057.09 per month, during the period of December 1, 2002 through November 1, 2003;

c.    $10,660.52 per month, during the period of December 1, 2003 through November 1, 2004;

d.    $11,300.15 per month, during the period of December 1, 2004 through November 1, 2005;

e.    $11,978.16 per month, during the period of December 1, 2005 through November 1, 2006; and

f.    $12,696.85 per month, during the period of December 1, 2006 through August 1, 2007.

The sum totals over $1,000,000.00, including interest.

20.    MetLife received a Request for Electronic Transfer of the Annuity proceeds, signed by Luis Medrano on May 30, 2007.

21.    MetLife responded to Luis Medrano's request with a letter advising him that the Change of Address Form must be signed by the Annuitant.  MetLife explained that if the request was signed by anyone other than Annuitant, MetLife would need a copy of the appropriate Court documentation along with a written explanation as to why the Annuitant could no longer sign and

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

-4-
PLAINTIFF'S COMPLAINT

1 | date the form and an explanation and identification of the onset of the Annuitant's debilitating

2 | condition.

3 |   22.  On or about July 9, 2007, MetLife received an "executed" written request requesting

4 | that the Annuitant's payments be direct deposited into Mr. Medrano's bank account. *See*

5 | Handwritten Request, Dated July 3, 2007, attached hereto as Exhibit "B" (hereinafter "Handwritten

6 | Request").

7 |   23.  While processing this request, MetLife discovered that the Annuitant had passed

8 | away 12 years earlier, on June 15, **1995**.

9 |   24.  Further investigation, followed by an admission by Mr. Medrano, revealed that he

10 | had drafted the July 3, 2007 Handwritten Request and **forged his deceased daughter's signature**

11 | on the document, seeking to induce MetLife to deposit the funds in his personal bank account.

12 |   25.  On or about August 6, 2007, MetLife made a request for reimbursement from

13 | Mr. and Mrs. Medrano of the principal overpayment amount of $756,076.53, plus applicable

14 | interest.

15 |   26.  To this date, no refund payments have been made.

16 | <b>COUNT I</b>

17 | <b>Breach of Contract</b>

18 |   27.  MetLife re-alleges Paragraphs 1-26 and incorporates them herein.

19 |   28.  MetLife and Defendants had a contractual agreement. The terms of the agreement

20 | provided that MetLife was to continue making monthly payments under the Annuity contract

21 | beyond December 1, 2001 **only** if the Annuitant was alive.

22 |   29.  Defendants failed, neglected, and refused to notify MetLife of the Annuitant's death.

23 |   30.  The conduct of Defendants amounts to breach of contract, which has caused MetLife

24 | to sustain damages.

25 | <b>COUNT II</b>

26 | <b>Unjust Enrichment/Equitable Relief</b>

27 |   31.  MetLife realleges Paragraphs 1-30 and incorporates them herein.

28 |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

PLAINTIFF'S COMPLAINT

32.    Defendants, Luis and Lisa Medrano, Individually and/or as the Administrators of the Estate of VM, benefited from their misrepresentations and possible fraud causing MetLife to overpay them $756,076.53, excluding interest.

33.    These Defendants will be unjustly enriched unless they are called upon to reimburse MetLife the overpayment principal amount of $756,076.53 plus interest and reasonable legal fees.

## COUNT III

### Declaratory Relief

34.    MetLife realleges Paragraphs 1-33 and incorporates them herein.

35.    There is actual controversy between Plaintiff, Metropolitan Life Insurance Company and Defendants, Luis Medrano and Lisa Medrano, Individually and as Administrators of the Estate of VM.  This Court should resolve the controversies by entering an appropriate declaratory judgment declaring Annuity Policy Number H0I99865 null and void, as of November 1, 2001.

WHEREFORE, MetLife respectfully prays that Judgment enter as follows:

A.    That this Court declare that the Annuity Policy at issue is declared null and void as of November 1, 2001;

B.    That Judgment enter against Defendants, in favor of Plaintiff for the overpayment of the Annuity Policy at issue in the amount of $756,076.53, plus applicable interest; and

C.    That MetLife be granted such other relief including, but not limited to, its Attorneys' fees and costs associated with the prosecution of this action, as this Court deems just and proper.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

PLAINTIFF'S COMPLAINT

1   Dated:  September 21, 2007          BARGER & WOLEN LLP

2

3                                       By:  _____
                                             J. RUSSELL STEDMAN
4                                            JENNIFER N. LEE
                                             Attorneys for Plaintiff
5                                            METROPOLITAN LIFE INSURANCE
                                             COMPANY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA  94108
(415) 434-2800

-7-
PLAINTIFF'S COMPLAINT