BRAD C. BRERETON (SB#111266)
TENENBAUM, CROWLEY & BRERETON
1362 Pacific Avenue, Suite 212
Santa Cruz, CA 95060
Tel 831/429-6391
Fax 831/459-8298
bcbrereton@aol.com

Attorney for Defendant
Lisa Medrano

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and AS ADMINISTRATORS OF THE ESTATE OF VM<br><br>        Defendants. | CASE NO.  C 07 4909 JF<br><br>**ANSWER TO COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Lisa Medrano hereby answers the complaint filed against her as follows:

      1.   Answering paragraphs 1, 2, 3, 5, 8, 9, 10, 11, & 12 of the complaint, this answering defendant admits the allegations of said paragraphs.

      2.   Answering paragraph 4 of the complaint, this answering defendant denies the allegations of said paragraph.

      3.   Answering paragraph 6 of the complaint, this answering defendant admits that plaintiff is making said claims, but except as admitted denies the allegations. Plaintiff admits that the amount in controversy exceeds $75,000.

4. Answering paragraphs 7 & 9, this answering defendant admits the allegations of said paragraphs except that this defendant denies that she is a resident of the County of Monterey, and this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations as to the county of residence of the other defendant.

5. Answering paragraph 13, this answering defendant admits sums were paid pursuant to the Annuity, but this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the specific amounts and dates of such payments, and on such basis denies the other allegations of the paragraph.

6. Answering paragraph 14, this answering defendant admits that the Exhibit contains the quoted language.

7. Answering paragraph 15, this answering defendant affirmatively alleges that she did in fact give notice to plaintiff of the death of the annuitant, and that she believed that the plaintiff had such notice in a timely manner. This answering defendant denies that the exhibit attached to the complaint, which is apparently the contract, contains any express obligation or duty on the part of this defendant to give notice of the death of the Annuitant. This answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether she had any other legally imposed "duty" as is ambiguously alleged in the paragraph, and on said grounds denies the other allegations of the paragraph.

8. Answering paragraph 16, this answering defendant admits that the Annuitant passed away on or about the stated date. This answering defendant admits that the terms set forth in the exhibit appear to support the paraphrasing set forth by plaintiff in the paragraph.   Except as so admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on such basis denies the other allegations of the paragraph.

9. Answering paragraph 17, this answering defendant denies the allegations of this paragraph in so far as it relates to her, and this answering defendant is without

sufficient knowledge or information to form a belief as to the truth of the other allegations.

10. Answering paragraphs 18 & 19, this answering defendant has been informed and believes that Luis Medrano continued to receive such payments, but this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the specific amounts and dates of such payments, and on such basis denies the other allegations of the paragraphs.  This answering defendant denies that she had knowledge of such payments, denies she knowingly received any such payments, and lacks sufficient knowledge or information as to whether she may have unknowingly received any portion of such funds, and on such basis, denies any such allegation.

11. Answering paragraphs 20, 21, 22, 23, 24 & 25 this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of the paragraphs, and on such basis denies the allegations.  This answering defendant does admit however that plaintiff has demanded repayment of alleged overpayments and interest thereon.

12.  Answering paragraph 26, this answering defendant admits that she has no knowledge of any refund payments, but she does not believe that Luis Medrano has made any refund payments.

13. Answering paragraphs 27, 31 & 34, this answering defendant incorporates all other admissions and denials as indicated in this answer.

14. Answering paragraph 28, this answering defendant believes that she and plaintiff were parties to the contract attached as an Exhibit to the complaint, and that the terms were as set forth in the Exhibit.  The contract terms were as set forth in that Exhibit.  To the extent that the allegations of the paragraph are inconsistent with, or not evidenced by the Exhibit, those allegations are denied.

15. Answering paragraph 29, this answering defendant denies that she failed to give notice that the Annuitant had died, and in fact, this answering defendant affirmatively alleges that she gave notice of such death once she was informed that

payments were continuing to the other defendant.   This answering defendant lacks sufficient knowledge or information as to when, if ever,  Luis Medrano informed plaintiff of the death of the Annuitant.   Except as so admitted, the paragraph is denied.

16.   Answering paragraph 30,  this answering defendant admits that it appears that plaintiff appears to have paid benefits after the date for termination of the annuity as set forth in the Exhibit to the complaint.   This answering defendant denies that she breached any contract.    This answering defendant is without sufficient knowledge or information to form a belief as to the truth of the other matters alleged in the paragraph, and on such basis denies the other allegations of the paragraph.

17.   Answering paragraphs 32 and 33,  this answering defendant denies all the allegations asserted against her in these paragraphs.  This answering defendant believes that Luis Medrano received annuity payments after the termination date specified in the Exhibit to the Complaint.   This answering defendant denies that she breached any contract or engaged in any fraud or any other wrongdoing.    This answering defendant is without sufficient knowledge or information to form a belief as to the truth of the other matters alleged in the paragraphs, and on such basis she denies the other allegations of the paragraphs.

18.   Answering paragraph 35,  this answering defendant admits the allegations of the first sentence of the paragraph, and she denies the allegations of the second sentence of the paragraph.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes, and thereon alleges, that each alleged cause of action of the Complaint fails to state a claim for relief against this answering defendant.

SECOND AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that if plaintiff has suffered any damages, those damages were caused by persons or entities other than this answering defendant.

THIRD AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that if plaintiff has suffered any damages, such

damages were caused in whole or in part by plaintiff's own negligence, breaches of contract, and other wrongful acts.

FOURTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that plaintiff assumed the risk of loss claimed in the Complaint on file herein.

FIFTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that plaintiff's claims are barred by the applicable statute of limitations (including but not limited to Sections 337, 337.1, 337.15, 337a, 338, 339, 340, and 343 of the Code of Civil Procedure).

SIXTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that plaintiff has unclean hands in and relating to the matters alleged in the Complaint on file herein.

SEVENTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and thereon alleges that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of plaintiff's knowing and voluntary waiver of any further obligations or liability of this answering defendant, if any there were.

EIGHTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and thereon alleges that plaintiff is estopped to assert any claims against this answering defendant by reason of its own failure to investigate, unilateral mistake, and negligence.

NINTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and thereon alleges that plaintiff failed to mitigate its damages, if any there were.

TENTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and thereon alleges that plaintiff's mistake, if any, as to the date of death of the Annuitant was the result of plaintiff's unilateral mistake for which this defendant cannot be held responsible, and further, that this defendant has been prejudiced by the plaintiff's failure to discover its own mistake and protect itself from further loss.

ELEVENTH AFFIRMATIVE DEFENSE.  This answering defendant is informed and believes and based thereon alleges that plaintiff's claims are barred by the doctrine of laches based upon plaintiffs delay in discovery of its claims and its failure to exercise due diligence with respect to the contract, and because of the resulting prejudice to this defendant.

TWELFTH AFFIRMATIVE DEFENSE.   This answering defendant  specifically denies all allegations, if any, and conclusions of law, if any, to which she did not specifically reply in the Answer to the Plaintiff's Complaint.  This defendant reserves her right to plead additional defenses that may be identified during investigation and/or course of discovery.

WHEREFORE defendant requests relief as follows:

1.  That plaintiff take nothing by way of its complaint, and that judgment be awarded against plaintiff on this complaint and in favor of this defendant;

2.   That this Defendant be awarded her attorneys fees and costs incurred in this action to the full extent allowed by law; and

3.  That the court award such other and further relief to defendant as is just.

Respectfully submitted,

Dated: December 10, 2007            _____
                                    BRAD C. BRERETON
                                    Attorney for Defendant
                                    Lisa Medrano

**DEMAND FOR JURY TRIAL**

Defendant Lisa Medrano hereby demands a jury trial on all claims of the complaint asserted against her.

DATED:  December 10, 2007           _____
                                    BRAD C. BRERETON
                                    Attorney for Defendant
                                    Lisa Medrano