**Brad C. Brereton (SBN 111266)**
bcbrereton@aol.com
**TENENBAUM, CROWLEY & BRERETON**
**1362 Pacific Avenue, #212**
**Santa Cruz, CA 95060**
**Tel: (831)429-6391**
**Fax: (831)459-8298**

**Attorney for Defendant and Cross-claimant**
**Lisa Medrano**

**James J. Ciapciak,** (*pro hac vice*), jjc@candalawyers.com
**CIAPCIAK & ASSOCIATES, P.C.**
**99 Access Road**
**Norwood, Massachusetts 02062**
**Telephone: (781) 255-7401**
**Facsimile: (781)255-7402**

**Local Counsel:**

**David Rude, drude@crlaw.net, (SBN 67367)**
**CLARK & RUDE**
**Ten Almaden Boulevard, Suite 550**
**San Jose, California 95113**
**(408) 971-1099**
**Fax: (408) 971-1133**

**Attorneys for Plaintiff**
**METROPOLITAN LIFE INSURANCE COMPANY**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Plaintiff, | NO.: C07-04909 JF |
| v. | Joint Case Management Statement |
| LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and as ADMINISTRATORS OF THE ESTATE OF VM, | Date: January 18, 2008 |
| | Time: 10:30 a.m. |
| Defendants. | Courtroom: 3 |

JOINT CASE MANAGEMENT STATEMENT

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), and defendant Lisa Medrano hereby submit the following joint case management statement.

It is important to initially note that the parties are currently scheduled for an ADR telephone conference on January 15, 2008, for purposes of arranging an early settlement conference or other ADR process.

1. **Jurisdiction and Service:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship), in that a) this matter relates to damages in an amount exceeding the statutory threshold; and b) there is diversity of citizenship between Plaintiff and each of the Defendants.

Defendant Luis Medrano ("Mr. Medrano") was served with a Summons and copy of the Complaint on November 20, 2007. He has not retained legal counsel. MetLife has stipulated with Mr. Medrano that his Answer to the Complaint will be extended sixty days to February 8, 2008.

Defendant Lisa Medrano ("Mrs. Medrano") was served with a Summons and copy of the Complaint on November 19, 2007 and has answered and cross-claimed against Mr. Medrano for indemnity. Mr. Medrano has not been personally served with the Cross-claim, (Ms. Medrano indicates that she received the summons on cross-claim back from the clerk on January 9, 2008, and that it is out for service now).

2. **Facts:**

On or about December 1, 1981, MetLife through one of its predecessors, The National Investors Life Insurance Company, issued an annuity policy that is now referred to as Annuity Policy Number H0I99865 (the "Annuity"). The annuitant and beneficiary

under the terms of the Policy was "V" Medrano (the "Annuitant") daughter of the Defendants. At the time the Annuity was issued, the Annuitant was an infant under the custody of both parents.

Pursuant to the terms of the Annuity, monthly payments of $2,958.33, increasing annually by 6%, were to be paid to Mr. and Mrs. Medrano, for the benefit of the Annuitant, beginning on the first day of December, 1981 and payable on the first day of each month thereafter until a total of two hundred forty (240) payments had been paid (a twenty (20) year period certain) and thereafter *for as long as the Annuitant lived*.

The Annuitant passed away on June 15, 1995. Pursuant to the terms and conditions of the Annuity, payments under the contact should have ceased 20 years after the effective date as of November 1, 2001. However, Defendants failed to notify MetLife of the death of the Annuitant. Having no knowledge of Annuitant's death, MetLife continued making payments under the terms of the Annuity from December 1, 2001 until August 1, 2007.

On or about July 9, 2007, MetLife received an "executed" written request, purportedly signed by the Annuitant, requesting that Annuitant's payments be direct deposited into Mr. Medrano's bank account. While processing this request, MetLife discovered that the Annuitant had passed away twelve years earlier, on June 15, 1995.

Mr. Medrano later admitted that he had drafted the July 3, 2007 handwritten request and *forged his deceased daughter's signature*, seeking to induce MetLife to deposit the funds in his personal bank account. The overpayment under the Annuity totals $756,076.53, excluding interest.

Submission of Lisa Medrano: Mrs. Medrano asserts that she had no knowledge of any payments that may have been made after the termination date of the annuity

contract, and she denies that she received any such payments. Mrs. Medrano contends that Luis Medrano secretly managed all of the funds and kept any such funds for himself. There is currently pending a marriage dissolution proceeding pending between the Medranos. That proceeding is in the Superior Court in Los Angeles. Mrs. Medrano submits that she, herself, informed plaintiff of the fact that payments under the annuity should stop.

3.  **Legal Issues**:

MetLife anticipates that Mrs. Medrano will claim that she was without knowledge that her husband continued to receive Annuity payments for over five years after the Annuity was due to stop making payments. MetLife also believes that Defendants have substantial real estate holdings that, if sold, might bring sufficient revenue to reimburse MetLife for its damages. Mrs. Medrano has argued that her interest in these properties is separate from her husband's and that her interest cannot be used to satisfy a judgment absent evidence that she was responsible for her husband's actions.

4.  **Motions:**

There are no pending motions. The parties may file a joint motion to continue the scheduled Case Management Conference and continue all current deadlines for thirty days so that they can meet informally to discuss resolving this case without further litigation.

5. **Amendment of Pleadings:**

MetLife does not anticipate amending its Complaint at this time. MetLife reserves the right to move to amend the Complaint at a later date.

Lisa Medrano does not anticipate any amendments at this time.

6. **Evidence Preservation**:

MetLife has provided its counsel with copies of all documents and electronic recordings in its possession that appear to be relevant to the claims set forth in the Complaint. Lisa Medrano is collecting and preserving all documents in her possession related to the matter.

7. **Disclosures:**

MetLife has not made its initial disclosures but anticipates making those disclosures prior to the Case Management Conference if the case does not settle in the interim. MetLife anticipates no initial disclosures from Mr. Medrano, who is *pro se* in this matter. Mrs. Medrano is collecting all relevant documentation at this time and will submit a timely initial disclosure in cooperation with MetLife's disclosures.

8. **Discovery:**

There have been no formal discovery requests to date. Mr. Medrano has agreed to release certain banking records to MetLife.

9. **Class Actions:**

Not applicable.

**10.   Related Cases**:

Lisa Medrano submits that this claim is related to facts and claims disputed in the pending dissolution of marriage proceeding in the Los Angeles Superior Court between herself and Luis Medrano. In both cases, the liability of Luis Medrano for the claimed losses, the absence of liability in Mrs. Medrano, and the obligation of Luis Medrano to indemnify and hold Mrs. Medrano harmless, will be addressed and litigated. The family law case is entitled Marriage of Medrano, Los Angeles Superior Court Case No. BD 476 625.

**11.   Relief:**

MetLife seeks to recover the overpayment under the Annuity, totaling $756,076.53, interest, costs and attorneys' fees. MetLife also seeks protection from the Court in the form of an Order enjoining Defendants from disposing of their personal assets and real property in such a way as to limit or prevent MetLife's ability to attach that property to satisfy a judgment.

**12.   Settlement and ADR:**

Mr. Medrano has acknowledged on several occasions that he should not have accepted the annuity payments from MetLife that were sent after the twenty-year period expired and that he is obligated to pay the money back. In light of his professed willingness to cooperate with MetLife, MetLife has suggested – and both Defendants have expressed interest in – meeting informally to discuss a resolution of this case.

Because Mr. Medrano is currently without the benefit of counsel, if the informal meetings appear likely to resolve the case, a case settlement conference would be requested.

MetLife has filed its ADR Certification and a Notice of Need for ADR Phone Conference. Mrs. Medrano indicates that she will file the ADR certification, and has been in active communication with Plaintiffs counsel regarding an early court ordered settlement conference.

**13.    Consent to Magistrate Judge for All Purposes:**

MetLife does not consent to have a magistrate judge conduct all further proceedings.

**14.    Other References:**

Not applicable.

**15.    Narrowing of Issues:**

MetLife has no suggestions on the narrowing of the issues in this matter at this time. Mrs. Medrano has no suggestion at this time. The parties expect that issues may be narrowed through ADR, such as an early settlement conference. The parties are currently scheduled for a telephone ADR conference on January 15, 2008.

**16.    Expedited Schedule:**

MetLife has no recommendations regarding handling this matter on an expedited basis at this time. Mrs. Medrano has no such recommendation.

**17.   Scheduling:**

Proposed date for designation of Plaintiff's experts: October 1, 2008;

Proposed date for designation of Defendant's experts: October 15, 2008;

Proposed date for discovery cutoff: November 15, 2008;

Proposed date for hearing of dispositive motions: December 31, 2008.

Proposed date for a pretrial conference: January 15, 2009;

Proposed date for trial: February 2009.

**18.   Trial:**

MetLife has not claimed a right to trial by jury.  Lisa Medrano has claimed a trial by jury.   The expected length of trial is one to three days.  Lisa Medrano anticipates that trial will be over two days but no more than three days.

**19.   Disclosure of Non-party Interested Entities or Persons:**

Lisa Medrano submits that no one has a financial interest in her claims other than her, and that she is the only real party in interest respecting said claims.

MetLife filed its Certification of Interested Entities or Persons Pursuant to F.R.C.P. 7.1 and Local Rule 3.6 on September 21, 2007.  It stated:

Real Party in Interest and Plaintiff Metropolitan Life Insurance Company (hereinafter referred to as Plaintiff) by and through its counsel of record and pursuant to Federal Rule of Civil Procedure 7.1 and Civil LR 3-6 certifies that the following listing of persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- o Metropolitan Life Insurance Company, a New York Corporation with its principal place of business in New York, is a wholly-owned subsidiary of MetLife, Inc., a public [sic] held corporation.

**20.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

MetLife notes that Defendant Luis Medrano has expressed a strong interest in resolving this case by agreement with MetLife. MetLife and Mr. Medrano have stipulated to extend the period for Mr. Medrano to answer the Complaint in order that the parties may meet informally to discuss settlement.

                      Plaintiff,  Metropolitan Life Insurance Company,
                      By Its Attorneys,

                      /s/ James J. Ciapciak
                      James J. Ciapciak: (*Pro Hac Vice*),
                      jjc@candalawyers.com
                      CIAPCIAK & ASSOCIATES, P.C.
                      99 Access Road
                      Norwood, MA  02062
                      (781) 255-7401
                      (781) 255-7402

Local Counsel for Plaintiff:

                      /s/ David Rude
                      David Rude, drude@crlaw.net
                      CLARK & RUDE
                      Ten Almaden Boulevard, Suite 550
                      San Jose, California 95113
                      (408) 971-1099
                      Fax: (408) 971-1133

Dated:  January 10, 2008

For Defendant and Cross-claimant Lisa Medrano:

    /s/ Brad C. Brereton_____
Brad C. Brereton, bcbrereton@aol.com
TENENBAUM, CROWLEY & BRERETON
1362 Pacific Avenue, #212
Santa Cruz, California 95060
(831)429-6391
Fax: (831) 459-8298

Dated:  January 10, 2008