Nicholas G. Emanuel (Bar No. 238019)
THE LAW OFFICE OF NICHOLAS G. EMANUEL
510 N. First Street, Suite 214
San Jose, California  95112
Tel: (408) 279-2060
Fax: (408) 279-2094
nick@ngelawyer.com

Attorney for Defendant, LUIS MEDRANO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and AS THE ADMINISTRATORS OF THE ESTATE OF VM,<br><br>Defendants.<br>_____<br>AND RELATED CROSS-CLAIM | CASE NO.  C 07 4909 JF<br><br><br><br>**ANSWER TO COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

Defendant, Luis Medrano, hereby answers the complaint against him in the above-captioned matter as follows:

1.  In response to paragraph 1 of the complaint, Defendant admits the allegations.

2.  In response to paragraph 2 of the complaint, Defendant admits the allegations.

3.  In response to paragraph 3 of the complaint, Defendant denies the allegations.

4.  In response to paragraph 4 of the complaint, Defendant denies the allegations.

5.  In response to paragraph 5 of the complaint, Defendant admits that Plaintiff is

alleging damages in excess of the statutory threshold and admits that there is diversity of citizenship between Plaintiffs and Defendants.

6. In response to paragraph 6 of the complaint, Defendant admits that the amount in controversy exceeds the statutory threshold in that Plaintiff is alleging damages in excess of $75,000.00.

7. In response to paragraph 7 of the complaint, Defendant denies that Lisa Medrano is a resident of the County of Monterey, but admits the remainder of the allegations.

8. In response to paragraph 8 of the complaint, Defendant denies that Lisa Medrano is a resident of the County of Monterey, but admits the remainder of the allegations.

9. In response to paragraph 9 of the complaint, Defendant denies that Lisa Medrano is a resident of the County of Monterey, but admits the remainder of the allegations.

10. In response to paragraph 10 of the complaint, Defendant admits the allegations.

11. In response to paragraph 11 of the complaint, Defendant admits that an annuity policy was issued on or about December 1, 1981, and that the annuitant under the terms of the policy was a minor with the initials "V.M.", but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations.

12. In response to paragraph 12 of the complaint, Defendant admits the allegations.

13. In response to paragraph 13 of the complaint, Defendant admits that the allegations set forth therein are an accurate representation of the terms of the document attached as Exhibit A to the complaint.

14. In response to paragraph 14 of the complaint, Defendant admits that the allegations set forth therein are an accurate representation of the terms of the document attached as Exhibit A to the complaint.

15. In response to paragraph 15 of the complaint, Defendant denies the allegations.

16. In response to paragraph 16 of the complaint, Defendant admits that the

Annuitant passed away on June 15, 1995, but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations.

17. In response to paragraph 17 of the complaint, Defendant denies the allegation, insofar as it alleges that neither Defendant ever communicated to MetLife that Annuitant was deceased.

18. In response to paragraph 18 of the complaint, Defendant admits that MetLife made payments from December 1, 2001 until August 1, 2007, but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations.

19. In response to paragraph 19 of the complaint, Defendant admits that checks were accepted throughout the stated time periods, but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations.

20. In response to paragraph 20 of the complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

21. In response to paragraph 21 of the complaint, Defendant admits that he received a letter containing such statements, or statements of reasonably similar substance.

22. In response to paragraph 22 of the complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

23. In response to paragraph 23 of the complaint, Defendant admits that the Annuitant passed away on the stated date, but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations.

24. In response to paragraph 24 of the complaint, Defendant admits that he drafted a July 3, 2007 handwritten request, but denies the remainder of the allegations.

25. In response to paragraph 25 of the complaint, Defendant admits the allegations.

26. In response to paragraph 26 of the complaint, Defendant admits the allegations.

27. In response to paragraph 27 of the complaint, Defendant admits that Plaintiff is re-alleging the allegations contained in the referenced paragraphs, and Defendant incorporates herein his previous responses to each of those paragraphs.

28. In response to paragraph 28 of the complaint, Defendant admits the allegations.

29. In response to paragraph 29 of the complaint, Defendant denies the allegations.

30. In response to paragraph 30 of the complaint, Defendant denies the allegations.

31. In response to paragraph 31 of the complaint, Defendant admits that Plaintiff is re-alleging the allegations contained in the referenced paragraphs, and Defendant incorporates herein his previous responses to each of those paragraphs.

32. In response to paragraph 32 of the complaint, Defendant denies the allegations.

33. In response to paragraph 33 of the complaint, Defendant denies the allegations.

34. In response to paragraph 34 of the complaint, Defendant admits that Plaintiff is re-alleging the allegations contained in the referenced paragraphs, and Defendant incorporates herein his previous responses to each of those paragraphs.

35. In response to paragraph 35 of the complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: As a first affirmative defense, Defendant asserts that the complaint, and each claim contained therein, fails to state a claim for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE: As a second affirmative defense, Defendant asserts that each of the Plaintiff's claims is barred by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSE: As a third affirmative defense, Defendant asserts that Plaintiff has prejudicially delayed bringing its claims, and therefore each of the Plaintiff's claims is barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE: As a fourth affirmative defense, Defendant asserts that the overpayments made by Plaintiff, if any, were received by Defendant under the good faith belief that said payments were to be applied toward a preexisting debt or obligation owed to Defendant by Plaintiff, and therefore Plaintiff's claims are barred by the doctrine of discharge for value.

FIFTH AFFIRMATIVE DEFENSE: As a fifth affirmative defense, Defendant asserts that he relied to his detriment on the payments made by Plaintiff, and therefore Plaintiff's

claims are barred by the doctrine of estoppel.

SIXTH AFFIRMATIVE DEFENSE: As a sixth affirmative defense, Defendant asserts that Plaintiff has, by its own previous conduct, knowingly and intelligently waived the claims set forth in the complaint.

SEVENTH AFFIRMATIVE DEFENSE: As a seventh affirmative defense, Defendant asserts that Plaintiff failed and neglected to take reasonable efforts to minimize and mitigate the losses, injuries, and damages complained of, if any there are.

EIGHTH AFFIRMATIVE DEFENSE: As an eighth affirmative defense, Defendant asserts that he possesses legal and equitable rights of offset against the amount claimed by Plaintiff, and any recovery by Plaintiff must be barred or reduced accordingly.

NINTH AFFIRMATIVE DEFENSE: As a ninth affirmative defense, Defendant asserts that Plaintiff's damages were caused, in whole or in part, by Plaintiff's own negligent conduct.

TENTH AFFIRMATIVE DEFENSE: As a tenth affirmative defense, Defendant asserts that Plaintiff is in material breach of the contract upon which it sues.

ELEVENTH AFFIRMATIVE DEFENSE: As an eleventh affirmative defense, Defendant asserts that Plaintiff's claims are barred by the doctrine of unclean hands.

Wherefore, Defendant prays judgment as follows:

1. That Plaintiff take nothing by way of its complaint, and that judgment be entered against Plaintiff and in favor of Defendant;

2. For attorney's fees and costs of suit;

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant, Luis Medrano, hereby demands a trial by jury for all claims asserted against him in this action.

-6-

| | |
|---|---|
| 1  Dated: February 27, 2008 | THE LAW OFFICE OF NICHOLAS G. EMANUEL |
| 2 | /s/ Nicholas Emanuel |
| 3 | _____ |
| 4 | Nicholas G. Emanuel |