Nicholas G. Emanuel (Bar No. 238019)
THE LAW OFFICE OF NICHOLAS G. EMANUEL
510 N. First Street, Suite 214
San Jose, California 95112
Tel: (408) 279-2060
Fax: (408) 279-2094
nick@ngelawyer.com

Attorney for Defendant, LUIS MEDRANO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br><br>LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and AS THE ADMINISTRATORS OF THE ESTATE OF VM,<br><br>    Defendants.<br>_____<br>AND RELATED CROSS-CLAIM | CASE NO.  C 07 4909 JF<br><br><br><br>**ANSWER TO CROSS-CLAIM;**<br>**DEMAND FOR JURY TRIAL** |

Cross-Defendant, Luis Medrano, hereby answers the cross-claim against him in the above-captioned matter as follows:

1. In response to paragraph 1 of the cross-claim, Cross-Defendant admits the allegations.

2. In response to paragraph 2 of the cross-claim, Cross-Defendant admits the allegations.

3. In response to paragraph 3 of the cross-claim, Cross-Defendant denies the

allegations.

4. In response to paragraph 4 of the cross-claim, Cross-Defendant denies the allegations.

5. In response to paragraph 5 of the cross-claim, Cross-Defendant denies the allegations.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE: As a first affirmative defense, Cross-Defendant asserts that the cross-claim fails to state a claim for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE: As a second affirmative defense, Cross-Defendant asserts that the cross-claim is barred by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSE: As a third affirmative defense, Cross-Defendant asserts that Cross-Claimant has prejudicially delayed bringing her claims, and therefore the cross-claim is barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE: As a fourth affirmative defense, Cross-Defendant asserts that Cross-Claimant is estopped by her own previous conduct from asserting her claims.

FIFTH AFFIRMATIVE DEFENSE: As a fifth affirmative defense, Cross-Defendant asserts that Cross-Claimant has, by her own previous conduct, knowingly and intelligently waived the claims set forth in the cross-claim.

SIXTH AFFIRMATIVE DEFENSE: As a sixth affirmative defense, Cross-Defendant asserts that Cross-Claimant failed and neglected to take reasonable efforts to minimize and mitigate the losses, injuries, and damages complained of, if any there are.

SEVENTH AFFIRMATIVE DEFENSE: As a seventh affirmative defense, Cross-Defendant asserts that he possesses legal and equitable rights of offset against the amount claimed by Cross-Claimant, and any recovery by Cross-Claimant must be barred or reduced accordingly.

EIGHTH AFFIRMATIVE DEFENSE: As an eighth affirmative defense, Cross-Defendant asserts that Cross-Claimant's damages were caused, in whole or in part, by her

1  own negligent conduct.

2  <u>NINTH AFFIRMATIVE DEFENSE:</u> As a ninth affirmative defense, Cross-Defendant
3  asserts that Cross-Claimant's claims are barred by the doctrine of unclean hands.

6  Wherefore, Cross-Defendant prays judgment as follows:

7  1.  That Cross-Claimant take nothing by way of her complaint, and that judgment
8  be entered against Cross-Claimant and in favor of Cross-Defendant;

9  2.  For attorney's fees and costs of suit;

10  3.  For such other and further relief as the Court deems just and proper.

12  **DEMAND FOR JURY TRIAL**

13  Cross-Defendant, Luis Medrano, hereby demands a trial by jury for all claims asserted
14  against him in the cross-claim.

16  Dated: February 27, 2008                    THE LAW OFFICE OF
                                                NICHOLAS G. EMANUEL

                                                /s/ Nicholas Emanuel
                                                _____
                                                Nicholas G. Emanuel