James J. Ciapciak (*pro hac vice*)`
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA  02062
Telephone:   (781) 255-7401
Facsimile:    (781) 255-7402
E-mail: jjc@candalawyers.com

David Rude (SBN 67367)
CLARK & RUDE
Ten Almaden Blvd., Suite 550
San Jose, CA  95113-2238
Telephone:   (408) 971-1099
Facsimile:    (408) 971-1133
E-mail: drude@crlaw.net

Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and AS THE ADMINISTRATORS OF THE ESTATE OF VM,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIM | Case No.  C 07 4909 JF<br><br>**PLAINTIFF'S STATUS CONFERENCE STATEMENT**<br><br>Status Conference Date:   June 27, 2008<br>Time: 10:30 a.m.<br>Judge: Honorable Jeremy Fogel<br><br>Trial Date:   None |

## CASE SETTLED IN MEDIATION

On March 24, 2008, this case was mediated at JAMS, San Jose by Judge David Garcia (ret.).  At the conclusion of the Mediation, a complete settlement of all issues was reached and reduced to a signed settlement memorandum.

1    The terms of the settlement before Judge Garcia at JAMS in March were that the
2 Defendant Luis Medrano would pay MetLife the total amount of the settlement. The
3 settlement agreement also provides that a down payment will be made by Luis Medrano
4 from his 50% interest in a Washington Mutual bank account held in the name of both
5 Defendants, and that the balance will be paid by a promissory note secured by a first deed
6 of trust on residential property owned by the Defendants in Carmel, California, which
7 note would also be secured by a second deed of trust on a condominium in San Diego
8 owned by the Defendants.

9    Following the mediation a formal "Stipulation for Settlement" and "Confidential
10 Settlement Agreement and Release" incorporating the terms of the settlement were
11 prepared by counsel for MetLife and submitted to counsel for Defendants Medrano for
12 their approval.

## PROBLEMS IMPLEMENTING SETTLEMENT

14    Although counsel for the Defendants have not voiced any objections to the
15 proposed settlement and release agreements, a problem of implementation has arisen
16 because, allegedly without the knowledge or consent of the Medranos, the bank invested
17 their funds in corporate bonds that the bank claims cannot now be liquidated at the present
18 time to fund the payment which is past due on the settlement from Mr. Medrano's 50% in
19 the account. An escrow has also been opened at First American Title in Carmel to obtain
20 the note and insured deed of trust securing the balance due on the settlement, but the
21 Defendants cannot proceed with that escrow until resolving the lack of present funding,
22 and the Defendants have yet to execute the settlement documents as Mr. Medrano's 50%
23 interest in the Washington Mutual investment account cannot be liquidated to fund the
24 down payment (apparently, Mrs. Medrano withdrew her half of the funds).

25    Meanwhile, Mr. Brad Brereton, representing Mrs. Medrano, recently left for
26 vacation for the last two weeks of June, which has decelerated the process of solving the
27 liquidity problem on the Washington Mutual investment account.

28

PLAINTIFF'S STATUS CONFERENCE STATEMENT
CASE NO. C 074909 JF

MetLife proposed the possibility of adding the amount due from the investment account to the note and insured deed of trust, with the understanding that the balance due on the note will be reduced as soon as the Washington Mutual account is eventually liquidated and the money owed by Mr. Medrano paid to MetLife. However, Defendants have yet to agree to this proposed solution. The possibility of an assignment of Mr. Medrano's interest in the account also is being explored.

### **REQUEST FOR CONTINUANCE**

Based on the above-described circumstances, the parties respectfully request that the Court continue this Status Conference for 21 days to allow the parties to resolve the only remaining obstacle to implementation of the settlement.

Respectfully submitted

DATED: June 24, 2008            CLARK & RUDE


By:  /s/ David Rude
     David Rude
     Attorneys for Plaintiff
     METROPOLITAN LIFE INSURANCE
     COMPANY