1　James J. Ciapciak (*pro hac vice*)`
　　Ciapciak & Associates, P.C.
2　99 Access Road
　　Norwood, MA  02062
3　Telephone:　(781) 255-7401
　　Facsimile:　(781) 255-7402
4　E-mail: jjc@candalawyers.com

5　David Rude (SBN 67367)
　　CLARK & RUDE
6　Ten Almaden Blvd., Suite 550
　　San Jose, CA  95113-2238
7　Telephone:　(408) 971-1099
　　Facsimile:　(408) 971-1133
8　E-mail: drude@crlaw.net

9　Attorneys for Plaintiff
　　METROPOLITAN LIFE INSURANCE COMPANY

10

11　　　　　　　**UNITED STATES DISTRICT COURT**

12　　　　　　**NORTHERN DISTRICT OF CALIFORNIA**

13　　　　　　　　　　(San Jose Division)

| | |
|---|---|
| 14　METROPOLITAN LIFE INSURANCE COMPANY, | Case No.　C 07 4909 JF |
| 15 | **PLAINTIFF'S STATUS CONFERENCE STATEMENT** |
| 16　　　　　Plaintiff, | |
| 17　　　v. | Status Conference Date:　August 15, 2008 |
| 18　LUIS MEDRANO and LISA MEDRANO, INDIVIDUALLY and AS THE ADMINISTRATORS OF THE ESTATE OF VM, | Time: 10:30 a.m. Judge: Honorable Jeremy Fogel |
| 19 | Trial Date:　None |
| 20　　　　　Defendants. | |
| 21 | |
| 22　AND RELATED CROSS-CLAIM | |

23

24　　　　　　　　**CASE SETTLED IN MEDIATION**

25　　　　On March 24, 2008, this case was mediated at JAMS, San Jose by Judge David

26　Garcia (ret.).  At the conclusion of the Mediation, a complete settlement of all issues was

27　reduced to a signed settlement memorandum.

28
　　　　　　　　　　　　　　　　　1
　　　　　　　　　　　　　　　　　　　　　　Status Conf Stmt 2008-08-12.doc
　　PLAINTIFF'S STATUS CONFERENCE STATEMENT
　　CASE NO. C 074909 JF

1    The terms of the settlement before Judge Garcia at JAMS in March were that the

2   Defendant Luis Medrano would pay MetLife the total amount of the settlement.  The

3   original settlement agreement also provided that a down payment would be made by Luis

4   Medrano from his 50% interest in a Washington Mutual bank account under the control of

5   his wife, Defendant Lisa Medrano, and that the balance would be paid by a promissory

6   note secured by a first deed of trust on residential property owned by the Defendants in

7   Carmel, California, which note was also to be secured by a second deed of trust on a

8   condominium in San Diego owned by the Defendants.

9    Following the mediation a formal "Stipulation for Settlement" and "Confidential

10  Settlement Agreement and Release" incorporating the terms of the settlement were

11  prepared by counsel for MetLife and submitted to counsel for Defendants Medrano for

12  their approval.

13  ## PROBLEMS IMPLEMENTING SETTLEMENT

14   When problems with the liquidity of the Washington Mutual bank account surfaced

15  in June, the settlement agreements were modified to increase the Note and Deed of Trust

16  on the Carmel property to the full amount of the settlement.  **The revised settlement**

17  **agreements have now been signed by both Defendants and their counsel**.  Further, the

18  Note, Deed of Trust, and other documents at the First American Title escrow in Carmel

19  have been modified to cover the total amount of the settlement and **those documents**

20  **have now been fully executed by the parties**. The title company is prepared to close the

21  escrow as soon as the Defendants pay the delinquent taxes on the Carmel property and

22  pay their share of the escrow fees (a total of less than $5,000).

23   To resolve the escrow fee dispute, Met Life agreed with the Defendants to split

24  those fees one-third to Met Life and one-third to each of the Defendants.  Met Life has

25  paid its share, but the Defendants have failed to pay their delinquent taxes and their share

26  of the escrow fees.  The Defendants' attorneys have agreed that their clients should, and

27  will, pay their share of the escrow fees and the delinquent taxes, but the Defendants have

28

2    Status Conf Stmt 2008-08-12.doc

PLAINTIFF'S STATUS CONFERENCE STATEMENT
CASE NO. C 074909 JF

1 simply failed to do so.  As a result, we have been unable to close the escrow to implement

2 the settlement.

3 ### **CONCLUSION**

4       As soon as the Defendants pay their agreed-upon share of the escrow fees and

5 delinquent taxes, First American Title in Carmel will record the Deed of Trust, close the

6 escrow, and issue the policy of title insurance to Met Life, insuring the First Deed of Trust

7 on the Carmel property securing the settlement.  Therefore, any assistance the Court can

8 provide in persuading the Defendants to comply with the agreements they have signed and

9 that have been entered into on their behalf by their attorneys to pay their share of the fees

10 and taxes in order to close the escrow and complete the settlement of this case would be

11 greatly appreciated.

12                                            Respectfully submitted

13 DATED:  August 12, 2008                    CLARK & RUDE

14

15                                            By:   /s/ David Rude

16                                                  David Rude
                                                   Attorneys for Plaintiff
17                                                  METROPOLITAN LIFE INSURANCE
                                                   COMPANY

18

19

20

21

22

23

24

25

26

27

28

                                            3                    Status Conf Stmt 2008-08-12.doc

PLAINTIFF'S STATUS CONFERENCE STATEMENT
CASE NO. C 074909 JF